UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO:   20-757** |
| **FAVALORA CONSTRUCTORS, INC.** | **SECTION: "F" (4)** |

## REPORT AND RECOMMENDATION

On March 10, 2020, the Court issued an order requiring respondent Favalora Constructors, Inc. ("Favalora") to appear before the Court to show cause why it should not be compelled to obey the IRS summons served upon it. R. Doc. 5. The hearing, set for May 6, 2020 was delayed due to the COVID-19 Pandemic.

Although addressed to the Ms. Chickering, and not the Court, Favalora responded via facsimile letter signed by Laurence P. Favalora. That letter indicated, among other things, that the company was in receipt of the United States' filing. The letter also indicated that Favalora was working in cooperation with their CPA firm, Bernard & Franks, to furnish the tax returns that the Internal Revenue Service  has issued summons for. The letter indicated that Favalora was not wanting to be defiant but merely waiting on response, which had been delayed due to a financial inability to pay on the part of Favalora. In addition, the summons was returned as executed on May 5, 2020. R. Doc. 6.

In attempt to avoid prolonged delays, this Court issued a subsequent order requiring respondent Favalora Constructors, Inc. ("Favalora") to appear—via a videoconference platform—before the Court to show cause why it should not be compelled to obey the IRS summons served upon it on November 18, 2018. R. Doc. 7. In that order, the Court provided strict instructions to Favalora to provide the Court with a working email address for further court communication. *Id.* The Court sent this order via the facsimile number Favalora had previously used to transmit its

letter communication as well as the physical address provided on the summons. *Id.* Despite the explicit instructions, neither the Court nor the United States has received any communications from Favalora since March 2020.

The Court proceeded forth with the show cause hearing on summary proceedings. Again, the respondent failed to appear or communicate with the Court. Given the efforts that were taken to provide respondent with notice of the proceedings and as the Court did not received a failed fax notice, the Court presumed respondent was in receipt of the notice of the hearing.

In addition, in reviewing the respondent's facsimile letter communications, the Court noted the company expressed a desire to comply with the IRS summons. Notwithstanding, eight months have since passed, and compliance has not been forthcoming.

In *United States v. Powell*, 379 U.S. 48, 57-58 (1964), the United States Supreme Court set fourth four criteria that the IRS must establish to have a summons enforced:

> (1) The IRS agent must show that the investigation will be conducted pursuant to a legitimate purpose;
> (2) that the inquiry may be relevant to the purpose;
> (3) that the information sought is not already within the IRS's possession; and
> (4) that the administrative steps required by the Code have been followed.

*United States v. Barrett*, 837 F.2d 1341, 1344 (5th Cir. 1988) (en banc) (citing *Powell*, 379 U.S. at 57–58); *see also United States of America v. Kinney* (2:13-cv-05920-JCZ) (E.D. La. 2013) (report and recommendation issued by Magistrate Judge Sally Shushan); *United States of America v. Duncan* (2:15-cv-05210-KDE-BWA) (E.D. La. 2015) (report and recommendation issued by Magistrate Judge North).

The Government initially bears the burden of demonstrating the first four *Powell* criteria. That initial burden is a minimal burden, which may be met by a simple affidavit filed with the

petition to enforce the summonses by the agent who issued the summonses. *United States v. Davis*, 636 F.2d at 1034; *see also United States v. Wyatt*, 637 F.2d 293, 299–301 (5th Cir. 1981).

Once this initial *Powell* showing has been made, the burden shifts to the parties resisting the summonses to demonstrate that the IRS has failed to meet its *Powell* burden or to assert and prove that enforcement would represent an abuse of the court's process. *Powell*, 379 U.S. at 58; *United States v. Linsteadt*, 724 F.2d 480 (5th Cir. 1984); *Wyatt*, 637 F.2d at 301, *Davis*, 636 F.2d at 1034, *United States v. LaSalle National Bank*, 437 U.S. 298 (1978).

While a proceeding to enforce summons is an adversarial proceeding, it is not intended to be a full-blown trial but rather a summary proceeding. *Id.* The Court's only task is to determine whether the summons should or should not be enforced. *Barrett*, 837 F.2d at 1344. This inquiry is limited to ensuring that the Government has complied with the four Powell criteria and that the Court's process is not being abused. If good faith and legitimate purpose are found to exist, the summons should be enforced. *Id.* If they are not present, enforcement should be denied. *Id.*; *see also United States v. Trenk*, D. N.J., No. 06-1004, 2007 WL 174327 (D. N.J. 2007) ("When the tax payer does not refute the prima facie case or cannot factually support an affirmative defense, the court should enforce the summons without an evidentiary hearing."); *see also United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971) ("Before the government is called upon to make this showing, the summoned party must raise in a substantial way the existence of substantial deficiencies in the summons proceeding. Only when so raised . . . is there a need for an evidentiary hearing . . .").

Here, the Government has met their initial *Powell* showing. In this case, the IRS declaration was filed by officer Velina Lewis. Thus, the burden shifted to respondent Favalora to show that

3

the IRS has not met its *Powell* burden. Respondent has failed to answer any court fillings, and thus has not met its burden.

Accordingly,

**IT IS RECOMMENDED** that the **PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS (R. Doc. 1)** be **GRANTED** and that respondent, Favalora Constructors, Inc. , be ordered to comply with the summons **on or before January 31, 2021**.

New Orleans, Louisiana, this 23rd day of November 2020.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**